IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JAWBONE INNOVATIONS, LLC,** *Plaintiff,* | § § § § | |
| v. | § § | Civil Action 6:21-cv-00985-ADA |
| **GOOGLE LLC,** *Defendant.* | § § § § § | |

## DISCOVERY DISPUTE ORDER

The Court rules on the following discovery dispute between Plaintiff and Defendant.

### Google's Statement

Plaintiff Jawbone's infringement contentions assert nearly all of the claims of the nine patents-in-suit, for a total of 218 claims. This is an unreasonable number of claims, and unduly burdens Google because it requires searching for prior art and preparing invalidity contentions for scores of dependent claims that will never be tried. Accordingly, Google sent a letter to Jawbone on February 7, requesting that Jawbone serve amended contentions asserting no more than 65 total claims— a reasonable number given this Court's guidance that "50-60" is "a large number of [asserted] claims." *See* Judge Albright Patent FAQ. Jawbone refused, insisting that Google must first serve invalidity contentions on all 218 claims before it would consider any reduction in the number of asserted claims in this case.\*

Under similar circumstances in other cases, this Court has ordered plaintiffs to significantly reduce the number of asserted claims *before* requiring defendants to serve invalidity contentions. *See, e.g., Dexcom, Inc. v. Abbott Diabetes Care, Inc.*, No. 6:21-cv-00690, Dkt. No. 57 (W.D. Tex. Nov. 16, 2021) (reducing claims from 317 to 100 and extending deadline for service of invalidity contentions); *Jenam Tech., LLC v. Google LLC*, No. 6:20-cv-00453-ADA, Dkt. No.

35 (W.D. Tex. Aug. 28, 2020) (reducing claims from over 450 to 65 total); Tr. of Oral Argument at 11:18–13:20, *Onstream Media Corp. v. Facebook, Inc.*, No. 1:20-cv-00214-ADA, Dkt. No. 34 at 12-13 (W.D. Tex. June 3, 2020) (reducing claims from 118 to 12 independent claims). Other courts have ordered similar relief. *See, e.g., Medtronic Minimed Inc. v. Animas Corp.*, No. CV 12-04471 RSWL (RZx), 2013 WL 3322248, at *3 (C.D. Cal. Apr. 5, 2013) (reducing claims from 255 to no more than four per each of the nine patents-in-suit); *Rehrig Pac. Co. v. Polymer Logistics (Israel), Ltd.*, No. CV 19-4952-MWF (RAOx), 2019 WL 8161141, at *6 (C.D. Cal. Aug. 30, 2019) (reducing claims from 68 to 15).

After meeting and conferring about this issue, the parties remain at an impasse. Google respectfully requests that the Court issue an order (1) requiring Jawbone to amend its infringement contentions to include no more than 65 claims total; and (2) giving Google twelve weeks after Jawbone's amendment to serve invalidity contentions, which is the amount of time the parties' previously agreed to for invalidity contentions. *See* Docket No. 27 (Scheduling Order) at 1.

---

\* Google's February 7 letter also noted that Jawbone's contentions fail to provide adequate notice of Jawbone's specific theories of infringement as to each accused product. Google is not raising that issue with the Court at this time because it is optimistic that, if Jawbone is ordered to assert a reasonable number of claims, the issue will be mooted. Google reserves the right to raise the issue at a later date.

### Jawbone's Statement

Jawbone respectfully submits that Google's request to reduce the number of asserted claims to 65 is premature and unwarranted before the exchange of invalidity contentions and Google's initial production. *In re Katz Interactive Call Proc. Litig.*, 639 F.3d 1303, 1313 n.9 (Fed.

Cir. 2011) ("[A] claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses.").

Jawbone informed Google that it would agree to a phased reduction of asserted claims beginning after Google provided its invalidity contentions and initial production; Google has refused and instead asks the Court to reduce asserted claims now.

The Court should deny Google's request because important aspects of the accused products' relevant functionality and operation are not readily apparent from public documents. Thus, Jawbone requires Google's production to determine the strength of the infringement read for each claim. Moreover, Jawbone requires Google's invalidity contentions to properly assess the strength of each claim. Accordingly, without Google's production of its internal technical documents that show the operation of the accused products, and without Google's invalidity contentions, Jawbone is not able to make an informed determination of which claims are most appropriate to assert. *Arctic Cat, Inv. v. Polaris Indus. Inc.*, No. 13-3579, 2015 WL 3756409, at *4 (D. Minn. 2015) ("After reviewing the relevant case law, it is clear to this Court that sufficient discovery must be completed that allows Polaris to determine whether its asserted claims raise separate issues of infringement in light of Arctic Cat's accused products and defenses. This necessarily requires that Polaris, at the very least, be entitled to discover Arctic Cat's infringement and invalidity contentions prior to reducing its claims. Polaris cannot know what claims raise separate issues of infringement or invalidity until after Arctic Cat serves its invalidity and non-infringement defenses.")

Indeed, numerous Courts have held that limiting claims is not appropriate before the patentee receives discovery and invalidity contentions. *E.g.*, *Carl Zeiss AG v. Nikon Corp.*, No.

2:17-cv-03221, 2018 WL 1858183, at *1-2 (C.D. Cal. Mar. 1, 2018) (denying motion to limit claims before discovery was complete); *Regents of the Univ. of Minn. v. AT&T Mobility LLC*, No. 14-cv-4666, 2016 WL 7670604, at *2 (D. Minn. 2016) ("Without better understanding which of the University's claims are viable and which are not—an understanding that will only be gained through further fact discovery that is far from being concluded—the Court has a paucity of information against which to gauge what an appropriate number of claims should be in this case."); *see also In re Katz*, 639 F.3d at 1313 n.9. The situation here is no different and Jawbone should receive at least Google's invalidity contentions and initial production before reducing the number of asserted claims. The Court should therefore deny Google's request to delay its invalidity contentions as well.

Accordingly, the Court should deny Google's request in its entirety.

## ORDER

The Court generally will not require a plaintiff to reduce its number of asserted claims without the benefit of discovery, claim construction, and invalidity contentions.  The Court hereby **DENIES** Google's request for relief in its entirety.

SIGNED this 8th day of March, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE