IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JAWBONE INNOVATIONS, LLC,** | § | |
| *Plaintiff* | § | |
| | § | 6:21-CV-00985-ADA |
| -vs- | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| *Defendant* | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration this date is Google LLC's ("Google") Motion to Dismiss Plaintiff Jawbone Innovation, LLC's ("Jawbone") Willful and Indirect Infringement Claims. ECF No. 28 (the "Motion"). Jawbone filed an opposition on February 3, 2022 (ECF No. 29) to which Google replied on February 10, 2022 (ECF No. 30). After careful consideration of the Motion, the parties' briefs, and the applicable law, the Court **DENIES** Google's Motion.

### I.   FACTUAL BACKGROUND

On September 23, 2021, Jawbone sued Google, alleging infringement of nine U.S. Patents.[1] ECF No. 1 (the "Complaint"). Jawbone is a Texas LLC with its principal place of business in Waco, Texas. *Id.* ¶ 1. Google is a Delaware limited liability company with its principal place of business in Mountain View, California. *Id.* ¶ 2. According to Jawbone's First Amended Complaint, Google products infringe the Asserted Patents by supporting acoustic noise suppression and acoustic voice activity detection technologies. ECF No. 23 ¶¶ 34–48.

---

[1] The asserted patents include U.S. Patent Nos. 8,019,091 (the "'091 Patent"), 7,246,058 (the "'058 Patent"), 8,321,213 (the "'213 Patent"), 8,326,611 (the "'611 Patent"), 10,779,080 (the "'080 Patent"), 11,122,357 (the "'357 Patent"), 8,467,543 (the "'543 Patent"), and 8,503,691 (the "'691 Patent") (collectively, the "Asserted Patents").

Jawbone filed this lawsuit accusing Google of infringing the Asserted Patents directly, willfully, and inducing infringement. ECF No. 23. The Amended Complaint alleges that "Google had extensive knowledge of Jawbone's patent portfolio and pursued investment in, or acquisition of, Jawbone, Inc., on at least one occasion since January 2015." *Id.* ¶ 22. The Amended Complaint further alleges that "one of Jawbone's agents, Envision IP, allegedly "contacted Google regarding the value of the Patents-in-Suit . . . at least as of 2017." *Id.* ¶ 23. The Amended Complaint also goes on to allege that two Google employees—Messrs. Samat and Breitfeller—knew about some of the Patents-in-Suit before starting at Google because Mr. Samat was a former Jawbone[2] employee and Mr. Breifeller is named a co-inventor of the '091 Patent. *Id.* ¶¶ 24–27. Thereafter, Google allegedly knew that its conduct amounted to infringement of the Asserted Patents. *Id.* ¶¶ 23, 27. Also, Jawbone alleges that "Google, as a sophisticated technical company, investigated other patents invented by the co-inventor of the '091 Patent, and discovered the other Patents-in-Suit at that time." *Id.* ¶¶ 27, 30–31.

The Amended Complaint also pleads that the Google induces infringement. *Id.* ¶¶ 61, 79, 92, 106, 120, 136, 150, 167, 183. As part of these allegations, Google provides instruction manuals, websites, promotional materials, advertisements, and other information to third parties that causes the third parties to use the accused instrumentalities in an infringing manner. *See, e.g.*, ¶ 61. The Amended Complaint then pleads that the Google remains willfully blind to its inducement of infringement. *Id.* ¶¶ 62, 80, 93, 107, 121, 137, 151, 168, 184. As part of these allegations, the Amended Complaint states that Google has been aware of how it and its customers and end-users infringe the Asserted Patents since it became aware of the Asserted Patent, and Google has failed to investigate its infringement. *Id.* The Amended Complaint further pleads that the Google

---

[2] Mr. Samat was a former Jawbone, Inc. employee, not a Jawbone Innovations, LLC employee.

willfully infringes the Asserted Patent. *Id.* ¶¶ 63, 81, 94, 108, 122, 138, 152, 169, 185. As part of these allegations, the Amended Complaint states that Google has known of Jawbone's patents, including the Asserted Patents, but has not ceased infringement. *Id.*

## II. LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

"To state a claim for willful infringement, 'a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019)

To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit or was willfully blind to the existence of the patents-in-suit. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011). "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b) (2012). Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Glob.-Tech*, 563 U.S. at 766. To survive a motion to dismiss, a plaintiff must "allege facts showing that [a defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 6:13- CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014).

### III.   ANALYSIS

#### A.  Willful Infringement

Google challenges the sufficiency of willful infringement primarily based on a failure to adequately allege pre-suit knowledge. Google argues that Jawbone's following three allegations did not result in knowledge as alleged in the Amended Complaint: (1) that one of Jawbone's agents (Envision IP) contacted Google regarding the value of the Asserted Patents; (2) that Google allegedly monitored Jawbone's patent filings; and (3) that two Google employees—Messrs. Samat and Breitfeller—knew about some of the Asserted Patents before starting at Google.

The Court finds that Envision IP's contacting Google and Google's employing two employees with pre-suit knowledge of the Asserted Patents are well-pleaded facts. Further, the Amended Complaint plausibly pleads that as a result of these events, Google learned of the Asserted Patents, analyzed them as part of the alleged "monitor[ing]," and as a result, obtained knowledge that the Google infringed the Asserted Patents as alleged in the Amended Complaint.

As a result, the Court finds pre-suit knowledge of the Asserted Patents to have been adequately pleaded.

Google's arguments to the contrary are unconvincing for at least the following two reasons.

*First*, Google relies on two decisions from the Court to argue that Jawbone did not adequately plead pre-suit knowledge. ECF No. 28 at 4 (citing *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.* ("Kirsch I"), No. 6:20-cv-00317-ADA, 2021 WL 4555608, at *2 (W.D. Tex. Oct. 4, 2021); *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.* ("Kirsch II"), No. 6:20-cv-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021). Specifically, Google contends that Jawbone's allegations here are more lacking than the allegations in Kirsch 1 and Kirsch 2 that this Court dismissed allegations of lack of pre-suit knowledge.

Yet the facts in the Kirsch cases materially differ from the present case. In Kirsch I, the defendant contacted plaintiff about selling plaintiff's products in the European market. *Kirsch I,* 2021 WL 4555608, at *2. That inquiry is different from that alleged here, where Envision IP is alleged to have contacted Google about some of the specific Asserted Patents. ECF No. 23 ¶ 23. Moreover, in Kirsch II, the plaintiff and defendant had a short, vague discussion where the plaintiff alleged that it informed the defendant's owner that the plaintiff's products were patented but failed to allege that the actual patents in the case were discussed. *Kirsch II*, 2021 WL 4555802, at *2. In contrast, Jawbone has pleaded that Google made at least one attempt to invest or acquire Jawbone, Inc. and its patent portfolio, including the Asserted Patents. ECF No. 23 ¶ 22. Likewise, when Jawbone, Inc. liquidated its assets and Asserted Patents, Jawbone pleaded that Google was also alerted by Envision IP that its products infringe a majority of the Asserted Patents. *Id.* ¶¶ 22, 23.

*Second*, Google asserts that even though Jawbone pleaded that it hired two former employees of Jawbone, one of which is a named inventor of some of the Asserted Patents, alleging

5

a mere overlap of employees is not enough to impute those employees' pre-suit knowledge of asserted patents to a defendant. ECF No. 28 at 7 (citing several district court cases in other districts). In response, Jawbone argues that the three cases cited by Google present different situations than the present case. ECF No. 29 at 8. The Court agrees. The Court finds particularly instructive that courts have found "that allegations that [a] defendant's employee . . . named [as an] inventor of the patents at issue were sufficient to sustain allegations of willful infringement at the pleadings stage." *Nanosys, Inc. v. QD Vision, Inc.*, No. 16-cv-01957-YGR, 2016 WL 4943006, at *7 (N.D. Cal. Sept. 16, 2016) (citing *Skyworks Sols. Inc. v. Kinetic Techs. Inc.*, No. C 14-00010 SI, 2014 WL 1339829, at *5–6 (N.D. Cal. Apr. 2, 2014)).

Here, Jawbone has alleged that Google hired Mr. Breitfeller, the co-inventor of the '091 Patent, thereby gaining knowledge of the '091 Patent. ECF No. 23. This is a well-pleaded fact. The other inventor of the '091 Patent is Dr. Gregory Burnett. *Id.* ¶ 34. Dr. Burnett is an inventor on each of the other Asserted Patents. *Id.* ¶¶ 34, 37, 39, 41, 43, 45. It is plausible that Google, upon learning of the '091 Patent and in view of Mr. Samat's knowledge and the multiple contacts by Envision IP, investigated Dr. Burnett's other patents and then learned of the remaining Asserted Patents.

Accordingly, the Court **DENIES** Google's motion to dismiss the pre-suit willfulness claims.

### B. Induced Infringement

Google first challenges induced infringement based on a failure to plead pre-suit knowledge. Because the Court found pre-suit knowledge to have been adequately pleaded, the Court rejects this argument.

Next, Google challenges induced infringement based on a failure to plead that Google was willfully blind. ECF No. 28 at 9. Because the Court finds that Jawbone has sufficiently pleaded

6

Google's actual knowledge of the Asserted Patents, the Court need not reach Google's Motion to dismiss Jawbone's inducement of infringement claims for Jawbone's failure to adequately plead that Google was willfully blind.

Accordingly, the Court **DENIES** Google's motion to dismiss the induced infringement allegations.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Google's Motion to Dismiss (ECF No. 28).

**SIGNED** this 12th day of October, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE